UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH ANTHONY LEVEEN, | ) | 1:07-CV-01648 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| v. | ) | [Doc. #9] |
| | ) | |
| | ) | ORDER DISMISSING PETITION |
| KEN CLARK, Warden, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO ENTER JUDGMENT |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties having voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1), by order dated March 26, 2008, this case was assigned to the undersigned for all purposes, including entry of final judgment.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by plea of no contest on July 18, 2002, to twenty counts of lewd and lascivious acts upon a child in violation of Cal. Penal Code § 288(A). See Lodged Doc. No. 1.[1] On September 13, 2002, Petitioner was sentenced to serve a term of 44 years in state prison. Id.

---

[1]"Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

1    Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District

2  (hereinafter "Fifth DCA"). On September 10, 2003, the Fifth DCA affirmed the judgment. <u>See</u>

3  Lodged Doc. No. 2. Petitioner then sought review in the California Supreme Court. On

4  November 25, 2003, the petition was denied. <u>See</u> Lodged Doc. No. 4.

5    Petitioner then filed three post-conviction collateral challenges with respect to the judgment

6  in the state courts, all petitions for writ of habeas corpus, as follows:

7       1.    <u>California Court of Appeals</u>
             Filed: December 23, 2003;
8             Denied: May 20, 2004;

9       2.    <u>California Supreme Court</u>
             Filed: November 24, 2004[2];
10            Denied: October 12, 2005;

11      3.    <u>California Supreme Court</u>
             Filed: March 7, 2006[3];
12            Denied: November 15, 2006;

13 <u>See</u> Lodged Docs. Nos. 5-11.

14    On November 11, 2007,[4] Petitioner filed the instant federal petition for writ of habeas corpus

15 in this Court. On March 10, 2008, Respondent filed a motion to dismiss the petition as being filed

16 outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file

17 an opposition.

18                              **DISCUSSION**

19 A.  Procedural Grounds for Motion to Dismiss

20    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

21

22    [2]Although the petition was filed in the California Supreme Court on December 1, 2004, the petition was dated
   November 24, 2004.  In <u>Houston v. Lack</u>, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
23 the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.  <u>Houston
   v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of
24 federal habeas filings under the AEDPA limitations period.  <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing*
   <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  Therefore under the mailbox rule, the Court deems the
25 petition filed on November 24, 2004, the date Petitioner presumably handed his petition to prison authorities for mailing.

26    [3]Although the petition was filed on March 10, 2006, pursuant to the mailbox rule the Court considers the petition
   filed on March 7, 2006, the date Petitioner signed the petition.
27

28    [4]Pursuant to the mailbox rule, the petition is deemed filed on November 11, 2007, the date Petitioner declares he
   placed his petition in the prison mailing system for filing.

U.S. District Court
E. D. California    cd                             2

1   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

2   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

3       The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

4   the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

5   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

6   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

7   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

8   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

9   Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

10  should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

11      In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

12  one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural

13  standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

14  and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to

15  dismiss pursuant to its authority under Rule 4.

16  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

17      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

18  1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

19  habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

20  2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

21  586 (1997).

22      In this case, the petition was filed on November 11, 2007, and therefore, it is subject to the

23  provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

24  seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended,

25  § 2244, subdivision (d) reads:

26      (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State court.  The

27      limitation period shall run from the latest of –

28          (A) the date on which the judgment became final by the conclusion of direct

1    review or the expiration of the time for seeking such review;

2          (B) the date on which the impediment to filing an application created by
3    State action in violation of the Constitution or laws of the United States is removed, if
     the applicant was prevented from filing by such State action;

4          (C) the date on which the constitutional right asserted was initially recognized by
5    the Supreme Court, if the right has been newly recognized by the Supreme Court and made
     retroactively applicable to cases on collateral review; or

6          (D) the date on which the factual predicate of the claim or claims presented
7    could have been discovered through the exercise of due diligence.

8          (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
9    not be counted toward any period of limitation under this subsection.

10   28 U.S.C. § 2244(d).

11        In most cases, the limitations period begins running on the date that the petitioner's direct

12   review became final.  In this case, the petition for review was denied by the California Supreme

13   Court on November 25, 2003. Thus, direct review concluded on February 23, 2004, when the ninety

14   (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle,

15   463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox,

16   159 F.3d 345, 347 (8th Cir.1998).  The statute of limitations commenced on the following day,

17   February 24, 2004, and expired one year later on February 23, 2005. Patterson v. Stewart, 251 F.3d

18   1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until November 11,

19   2007, over two years and eight months beyond the due date.  Absent any applicable tolling, the

20   instant petition is barred by the statute of limitations.

21   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

22        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

23   for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

24   pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

25   Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

26   properly pursuing post-conviction relief, and the period is tolled during the intervals between one

27   state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

28   state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

1    1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year

2    statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction

3    petition was timely, or it was filed within a reasonable time under state law. Pace v. DiGuglielmo,

4    544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or

5    determined by the federal courts to have been untimely in state court will not satisfy the requirements

6    for statutory tolling. Id.

7           As stated above, the statute of limitations began to run on February 24, 2004. Petitioner filed

8    his first state habeas petition before the limitations period commenced, on December 23, 2003, in the

9    Fifth DCA. Therefore, the limitations period was tolled until the petition was denied on May 20,

10   2004. Petitioner next filed a habeas petition on November 24, 2004, in the California Supreme

11   Court. Respondent argues that the interval between the two petitions, a period of 188 days, should

12   not be tolled because Petitioner did not timely proceed to the next appellate level. Respondent's

13   argument is persuasive. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is

14   entitled to tolling for this interval if Petitioner did not unreasonably delay. Saffold, 536 U.S. at 225;

15   Chavis, 546 U.S. at 197. Here, Petitioner delayed for 188 days until he filed his habeas petition in the

16   California Supreme Court. In the absence of "clear direction or explanation" from the state court

17   indicating whether the state petition was timely, the federal court "must itself examine the

18   delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 546

19   U.S. at 197. In Chavis, the Supreme Court found a period of six months filing delay to be

20   unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer

21   than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the

22   state supreme court." Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided

23   the following guidance for determining timeliness:

24          [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as
             elsewhere) fell within the federal tolling provision *on the assumption* that California law in
25          this respect did not differ significantly from the laws of other States, i.e., that California's
             'reasonable time' standard would not lead to filing delays substantially longer than those in
26          States with determinate timeliness rules.

27   Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

28          Here, Petitioner's unexplained delay of 188 days is clearly unreasonable. The delay is greater

1   than the short period of time of 30 to 60 days provided by most States for filing an appeal, and the

2   six month delay found unreasonable in Chavis. The delay is simply excessive.

3          Therefore, the habeas petition filed in the California Supreme Court was untimely and

4   Petitioner is not entitled to tolling for the interval between the two state habeas petitions. Thus, 188

5   days of the limitations period passed when Petitioner filed his first habeas petition in the California

6   Supreme Court. Respondent submits that the second petition operates to toll the petition,

7   but it does not. The petition was not timely filed; therefore, under Chavis and Pace the petition could

8   not toll the limitations period. Petitioner filed his next habeas petition on March 7, 2006, again in the

9   California Supreme Court. The interval between the two petitions cannot be tolled for four reasons.

10  First, the initial petition filed in the California Supreme Court was not properly filed as stated above.

11  Second, the interval of 146 days was unreasonable; therefore, the subsequent petition was also

12  untimely. Third, the California Supreme Court denied the petition with citation to In re Clark, 5

13  Cal.4th 750 (1993), which stands for the proposition that delayed and repetitious claims will not be

14  condoned, and In re Miller, 17 Cal.2d 734 (1941), which disallows successive petitions. Therefore,

15  the petition was not properly filed and cannot toll the limitations period. Fourth, Petitioner was not

16  proceeding to the next appellate level as contemplated in Saffold and Nino. Saffold, 536 U.S. at 215;

17  Nino, 183 F.3d at 1006. For these reasons, the limitations period was not tolled during the interval

18  between the petitions or during the petitions themselves. Accordingly, with no additional applicable

19  tolling available, the statute of limitations expired on May 20, 2005. The instant petition is untimely

20  by two and one-half years and must be dismissed.

21  D.  Equitable Tolling

22          The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that

23  he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

24  way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran

25  Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),

26  citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

27  814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544

28  U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395

1  (9th Cir.1993). Here, Petitioner has not demonstrated diligence or an extraordinary circumstance

2  barring his timely filing, and the Court finds no reason to equitably toll the limitations period.

3                                          **ORDER**

4        Accordingly, IT IS HEREBY ORDERED:

5        1) Respondent's motion to dismiss is GRANTED:

6        2) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE; and

7        3) The Clerk of Court is DIRECTED to enter judgment for Respondent.

8  IT IS SO ORDERED.

9  **Dated:   April 18, 2008**                    **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California        cd                        7